UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOCHAGORN SINSUKTHAWORN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CALISTOGA, et al., <br><br> Defendants. | Case No. 22-cv-04644-JSC <br><br> **ORDER REGARDING MOTIONS TO DISMISS** <br><br> Re: Dkt. Nos. 5, 9, 11 |

James Hopkins and Kochagorn Sinsukthaworn ("Plaintiffs"), proceeding without the assistance of a lawyer, brought this suit against the County of Napa, the City of Napa, the Napa County District Attorney's Office; the Napa County Sheriff's Office; the Napa Police Department; the Napa Special Investigations Bureau; the Napa County Probation Department; the City of St. Helena; the St. Helena Police Department; the City of Calistoga; the City of Calistoga Police Department; the California Highway Patrol ("CHP"); and Officer Frank Walsh after law enforcement agents executed a warrant on Plaintiffs' property. (Dkt. No. 1.)[1]

CHP, the City of Napa, the City of St. Helena, and the City of Calistoga filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 5, 9, 11.) Plaintiffs have not filed any opposition. After carefully considering the briefing the Court concludes that oral argument is unnecessary. *See* N.D. Cal. Civ. L.R. 7-1(b). The Court GRANTS each motion to dismiss and VACATES the hearing scheduled for September 29, 2022.

## COMPLAINT ALLEGATIONS

Kochagorn Sinsukthaworn is the founder and sole owner of Infinity Cannabis Growth,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   LCC. (Dkt. No. 1 ¶ 22.) Sinsukthaworn and James Hopkins purchased a property in Lower Lake,
2   California ("the Property") to cultivate cannabis for Sinsukthaworn's business. (*Id.* ¶ 23.)
3   Plaintiffs then obtained a provisional cannabis cultivation license from the California Department
4   of Food & Agriculture that was valid from October 13, 2021 until October 13, 2022 and a Lake
5   County Minor Use Permit for the Property. (*Id.* ¶ 24.) As of August 2, 2021, Plaintiffs had 2,555
6   live cannabis plants growing on the Property. (*Id.* ¶ 29.)

7        Napa Special Investigations Bureau ("NSIB") officers and "deputies from the County of
8   Lake" conducted a search warrant on the Property in August 2021. (*Id.* ¶¶ 30–32.) Plaintiffs
9   allege the NSIB is a "multi-agency taskforce" comprised of the Napa County District Attorney's
10  Office, Napa County Sheriff's Office, Napa Police Department, Napa County Probation
11  Department, the St. Helena Police Department, the Calistoga Police Department, and CHP. (*Id.* ¶
12  14.) NSIB Officer Frank Walsh and deputies from Lake County "systematically destroyed and
13  confiscated" all 2,555 cannabis plants on the property. (*Id.* ¶¶ 16, 32.) Walsh also confiscated
14  firearms and ammunition. (*Id.* ¶¶ 34–35.) Plaintiffs allege Walsh obtained a warrant through
15  "judicial deception" and that Walsh decided to destroy or confiscate the cannabis before
16  inspecting the Property. (*Id.* ¶ 37.) Plaintiffs each filed a "tort claim" with Napa County in
17  November of 2021. (*Id.* ¶¶ 20–21.) Those claims were rejected on January 3, 2022. (*Id.*)
18  Plaintiffs then filed this suit in state court. (*Id.* ¶ 1.) Defendant removed the case to federal court
19  on the basis of federal jurisdiction. (Dkt. No. 1 at 1.)

20       Plaintiffs bring 10 causes of action all defendants: (1) Violation of the Fourth Amendment
21  under 42 U.S.C. § 1983; (2) Violation of the Fifth Amendment under 42 U.S.C. § 1983; (3)
22  Violation of the Fourteenth Amendment's Due Process Clause under 42 U.S.C. § 1983; (4)
23  Violation of the Fourth Amendment under California Civil Code § 52.1; (5) Violation of
24  California Constitution Article I § 13 under California Civil Code § 52.1; (6) Violation of the
25  Fourteenth Amendment's Due Process Clause under California Civil Code § 52.1; (7) Violation of
26  the California Constitution Article I § 7 under California Civil Code § 52.1;(8) Trespass; (9)
27  Conversion of Cannabis; and (10) Conversion of Firearms. Plaintiffs request monetary damages
28  and "an injunction prohibiting the seizure and destruction of cannabis from licensed growers

without due process of law." (Dkt. No. 1 ¶¶ 125–127.)

**DISCUSSION**

CHP, the City of Napa, the City of St. Helena, and the City of Calistoga filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 5, 9, 11.) To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiffs are proceeding without a lawyer's assistance. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

**I.     Motions to Dismiss**

The Court first turns to the motions to dismiss Plaintiffs' claims for monetary damages. Counts I, II and III allege federal law violations under 42 U.S.C. Section 1983. Counts IV through

3

X allege state law violations. CHP, the City of St. Helena ("St. Helena"), the City of Calistoga ("Calistoga"), and the City of Napa move to dismiss the state law claims. CHP, Calistoga, and St. Helena also move to dismiss the federal law claims. The Court first addresses the state law claims and then addresses the federal law claims.

**A.     State Law Claims (Counts IV through X)**

Counts IV through X allege claims against all Defendants under state law. Under the California Government Claims Act, a plaintiff may not sue a public entity for "money or damages" until she has presented the "claim" to that entity, and the entity has either acted upon or rejected the claim.[2] Cal. Gov. Code §§ 905.2, 945.4. "The purpose of the claims statutes is not to prevent surprise, but to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." *City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 (2007). Compliance with this requirement constitutes an element of a cause of action for damages against a public entity or official. *State v. Sup. Ct. (Bodde)*, 32 Cal.4th 1234, 1243-44 (2004). "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to [dismissal] for failure to state a cause of action." *Id.* at 1239.

Plaintiffs' allegations under California Civil Code § 52.1 (Counts IV through VII) and Plaintiffs' tort claims (Counts VIII through X) are each subject to the claim requirement. *See* Cal. Gov. Code §§ 905 (listing limited exceptions that do not apply here); *see also Gant v. Cnty. of Los Angeles*, 594 F. App'x 335, 339 (9th Cir. 2014) (dismissing claims under § 52.1 for failure to file a claim under §§ 905, 945.4). In presenting a claim to a public entity such as a city or a county, including an application to file a late claim, a plaintiff is required to either deliver the claim "to the clerk, secretary, or auditor" of the public entity, or mail the claim "to the clerk, secretary, auditor,

---

[2] The California Supreme Court refers to these requirements as the "Government Claims Act" to avoid the confusion engendered by the informal short title "Tort Claims Act." *City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 734 (2007). The Court will follow that practice as well.

or to the governing body at its principal office." Cal. Gov. Code § 915(a); *Westcon Construction Corp. v. County of Sacramento,* 152 Cal.App.4th 183, 200 (2007).

Here, Plaintiffs do not plead any facts supporting an inference that Plaintiffs submitted a claim with CHP, the State of California, Calistoga, St. Helena, or the City of Napa. While Plaintiffs allege each submitted a tort claim with Napa County, the Government Claims Act requires plaintiffs to submit claims with the specific entity they intend to sue. Cal. Gov. Code § 945.4 (stating that "no suit for money or damages may be brought against *a public entity*" until "a written claim therefor has been presented to *the public entity*") (emphasis added). The moving defendants are separate entities from the County of Napa. *See* Cal. Gov. Code § 811.2 (defining public entity as a county or a city). Because Plaintiffs have not shown they submitted a claim to the movants here, the Court GRANTS CHP, Calistoga, St. Helena, and the City of Napa's motions to dismiss the state law claims to the extent Plaintiffs seek monetary damages. *See Minsky v. City of Los Angeles*, 11 Cal. 3d 113, 120–24, & n.14 (Cal. 1974) (holding that the claims statutes do not impose requirements on non-pecuniary actions, such as those seeking injunctive relief).

### B. Federal Law Claims (Counts I, II, and III)

CHP, St. Helena, and Calistoga move to dismiss all federal claims. Counts I, II, and III bring claims under 42 U.S.C. Section 1983. Count I alleges a violation of the Fourth Amendment. Count II alleges a violation of the Fifth Amendment's Takings Clause. Count III alleges a violation of the Fourteenth Amendment's Due Process Clause. To state a claim under Section 1983, Plaintiffs must allege two elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that a "person" acting under the color of state law committed that violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants argue Plaintiffs fail to state a claim against CHP, St. Helena, and Calistoga under Section 1983. The Court agrees.

#### 1. CHP's Motion to Dismiss

Plaintiffs' Section 1983 claims against CHP fail. CHP is not a "person" subject to suit under Section 1983. *See Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."). Thus, Plaintiffs' Section 1983 claims against CHP are dismissed.

### 2. St. Helena and Calistoga's Motion to Dismiss

St. Helena and Calistoga jointly move to dismiss all claims.[3] Plaintiffs allege the NSIB is a "multi-agency task force" and acts as an "agent" of St. Helena, Calistoga, and the other government entity defendants. (Dkt. No. 1 at 7.) The complaint then alleges that Officer Walsh and the NSIB operated "under the auspices of the named Defendants." (Dkt. No. 1 at 10.) And that all "Defendants" (1) "authorized" and "ratified" the actions individual defendants took to violate Plaintiffs' rights; (2) failed to adequately train the individual Defendants; and (3) "maintained an official policy and/or custom of deliberate indifference to violations of constitutional rights by NSIB officers." (*Id.* at 12–15.) St. Helena and Calistoga argue there "are no allegations" that either city "participated in, directed, authorized, or supervised" the raid on the Property. (Dkt. No. 9 at 10.)

#### a. Judicial Notice

As an initial matter, St. Helena and Calistoga ask the Court to take judicial notice that the NSIB is a division of the Napa County Sheriff's Department, not an "agent" of St. Helena or Calistoga. The cities provide a printout from Napa County's website to support this claim. (Dkt. No. 9-2 at 50–51.) For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and "it is capable of accurate and ready determination." Fed. R. Evid. 201(b). *See*, *e.g.*, *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 (S.D.N.Y. 2006) (taking judicial notice of statements on a parties' website). The NSIB is a party here.

The cities' submission, however, does not conclusively contradict Plaintiffs' allegations regarding the nature of the NSIB and its relationship with St. Helena and Calistoga. Rather, it merely describes the NSIB's mission and provides contact info for the Napa County Sheriff's Department. (*See* Dkt. No. 9-2 at 50–51.) That the Napa County website lists information regarding the NSIB does not establish as a matter of law that the NSIB has no relationship with

---

[3] St. Helena and Calistoga move to dismiss on their own behalf. The police departments of those cities are sued separately and have not moved to dismiss. Counsel for St. Helena and Calistoga has not entered a separate appearance on behalf of the police departments and the cities' joint motion to dismiss does not reference either police department.

the city defendants. (*Id.*) The webpage states, "The Bureau will work collaboratively with *other* local law enforcement agency personnel[.]" (*Id.* at 50.) But the webpage does not establish that the NSIB is *only* a subdivision of Napa County.

At this stage, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). Plaintiffs allege the NSIB is a "multi-agency task force" and acts as an "agent" of St. Helena, Calistoga, and the other government entity defendants. (Dkt. No. 1 ¶¶ 14–15.) Thus, because the Court must draw all inferences in favor of Plaintiffs, the Court cannot take judicial notice that NSIB is unrelated to St. Helena and Calistoga based on the document provided.

### b. Insufficiency of Allegations

St. Helena and Calistoga are correct, however, that the allegations lack factual specificity. Here, Plaintiffs state that all "Defendants" (1) "intentionally authorized" the actions at issue, (2) "ratified" the actions individual Defendants took to violate Plaintiffs' rights, (3) "failed to train the individual Defendants", and (4) "maintained an official policy and/or custom of deliberate indifference to violations of constitutional rights by NSIB officers." (*Id.* ¶¶ 46, 54, 61.)

There is no respondeat superior liability under Section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In other words, a complaint that fails to state *each defendant's specific acts* that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *Medina Chiprez*, 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (emphasis added). "To [prevail on a claim against a municipal entity for a constitutional violation], a plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–91 (1989). Such a showing depends on three elements: (1) the training program must be inadequate "in relation to the tasks the particular officers must perform"; (2) the city officials must have been deliberately indifferent "to the rights

of persons with whom the [local officials] come into contact"; and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (cleaned up).  "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Even assuming NSIB is related to St. Helena and Calistoga, Plaintiffs fail to plead facts supporting an inference that St. Helena and Calistoga "authorized" or "ratified" the execution of the property search or the cannabis plants' destruction.  Nor do Plaintiffs identify (1) any specific policy or custom that led to civil rights violations, (2) St. Helena or Calistoga's specific failure to train officers that led to the constitutional rights violations, or (3) any past instances of NSIB officer's constitutional violations that put the cities on notice that a risk of constitutional violations existed.  Generalized references to "Defendants" is insufficient to provide adequate notice under Rule 8(a).  Rather, "Plaintiff[s] should provide a concise statement identifying each [defendant] and the specific action or actions the [defendant] took, or failed to take, that allegedly caused the deprivation of Plaintiff[s'] constitutional right." *Medina Chiprez*, 2020 WL 4284825 at *4.

Under Rule 12(b)(6), "dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up).  Here, the latter basis for dismissal controls.  Because the complaint fails to allege sufficient facts to support Plaintiffs' Section 1983 claims against St. Helena or Calistoga, the Court GRANTS St. Helena and Calistoga's motion to dismiss the federal law claims.[4]  *Id.*

---

[4] St. Helena and Calistoga make three further arguments for dismissal that warrant brief comment.  First, the cities argue that the state-law immunity provisions in Government Code Sections 815.2 and 821.6 immunize movants here against all claims.  That is not correct.  Plaintiffs' claims under Section 1983 preempt state-law immunity. *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980).

Second, the cities argue that Count II must be dismissed because the Fifth Amendment applies only to federal government actions.  Again, that is not correct.  The Fifth Amendment's Takings Clause provides that "private property" shall not be taken for public use, without just compensation." U.S. Const., amend. V.  The Takings Clause has been incorporated to apply to

8

## II. Leave to Amend

The movants request dismissal with prejudice. Before dismissing a civil complaint filed by a litigant without the assistance of counsel, the plaintiff should be given "notice of the deficiencies in his or her complaint" and be provided "an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

Applying this standard, only the federal claims against CHP must be dismissed with prejudice. Because CHP is not a suable person under Section 1983, the federal claims against CHP cannot be saved. The federal law claims against St. Helena and Calistoga, and the state law claims against CHP, the City of Napa, St. Helena, and Calistoga could possibly be saved. As discussed above, the state law claims could possibly prevail if Plaintiffs can show compliance with the Government Claims Act within the relevant statute of limitations period. *See* Cal. Gov. Code §§ 911.2, 911.4. Likewise, because the Court dismissed the federal law claims against St. Helena and Calistoga for failure to allege sufficient facts to state a claim, Plaintiffs could possibly prevail with amended factual allegations.

Plaintiffs may file an Amended Complaint to correct the deficiencies identified in this order on or before **October 21, 2022**. As in the original complaint, Plaintiffs should: set forth the

---

state and local actors through the Fourteenth Amendment. *Chi., Burlington & Quincy R.R. Co. v. City of Chicago*, 166 U.S. 226, 238–39 (1897).

Finally, the cities argue Plaintiffs' claims under the Fourteenth Amendment (Count III) are duplicative of the Fourth Amendment claims and "must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). The cities are correct to the extent that Plaintiffs complain Defendants confiscated items during the search. But the complaint also alleges Defendants violated the procedural requirements of the Lake County Code. (Dkt. No. 1 ¶ 60.) To the extent Plaintiffs allege a violation of *procedural* due process, *United States v. Lanier* does not apply.

complaint's allegations in separate numbered paragraphs; set forth each claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief.

Additionally, Plaintiffs are informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete.  The Amended Complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, Plaintiffs are warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could lead to the complaint being dismissed.

## CONCLUSION

The motions to dismiss (Dkt. Nos. 5, 9, 11) are GRANTED.  Counts I, II, and III are dismissed with prejudice as to CHP and without prejudice and with leave to amend as to the cities of St. Helena and Calistoga.  Counts IV through X against all movants are dismissed to the extent Plaintiffs seek monetary damages without prejudice and with leave to amend.  Any Amended Complaint must be filed by **October 21, 2022**.

This Order disposes of Dkt. Nos. 5, 9, and 11.

**IT IS SO ORDERED.**

Dated: September 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge